IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TOP NOTCH CONSULTING, INC. | * |
| Plaintiff, | * |
| v | * CASE NO. : 2:05 CV 996-M |
| UNIVERSAL CITY, LLC.; and<br>FREDERICK J. BEASLEY, III, | * |
| Defendants. | * |

## ANSWER OF UNIVERSAL CITY, LLC AND FREDERICK J. BEASLEY, III

COME NOW the Defendants, by and through their attorneys of record, and for answer to the Complaint heretofore filed in this matter would state as follows:

1. These Defendants deny the allegations of paragraph 1 of the Complaint. On information and belief, Defendants would state that Top Notch Consulting, Inc. (hereinafter referred to as "Top Notch"), has been suspended by Secretary of State of the State of California.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint.

4. No response is required to paragraph 4 of the Complaint.

5. Defendants deny the allegations of paragraph 5 of the Complaint.

6. Defendants deny the allegations of paragraph 6 of the Complaint.

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants admit that Defendant Beasley established an LLC under the name Universal City, LLC.

11. Defendants admit that a written contract was executed by Defendant Universal City, LLC and Plaintiff Top Notch.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint.

14. Defendants admit that the purported President of Top Notch temporarily relocated to Montgomery. Defendants deny the remainder of the allegations of paragraph 14 of the Complaint.

15. Defendants admit that the contract called for a monthly stipend of $5,000.00.

16. Defendants deny the allegations of paragraph 16 of the Complaint.

17. Defendants would state that the contract speaks for itself.

18. Defendants would state that the contract speaks for itself.

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants admit the allegations of paragraph 21 of the Complaint.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants deny the allegations of paragraph 30 of the Complaint.

31. Defendants deny the allegations of paragraph 31 of the Complaint.

32. Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants would state that any contract between Top Notch and Defendants was terminated both verbally and in writing on or before August 30, 2005.

34. Defendants would state that the contract speaks for itself.

35. Defendants would state that numerous written terminations were received before October 8, 2005.

36. Defendants deny that any fee was due for months of August, September, October and November, 2005.

37. Defendants are unable to admit or deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny the allegations of paragraph 40 of the Complaint.

41. Defendants admit that a loan was received from Compass Bank.

42. Defendants admit that amounts remain due and payable to Compass Bank.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants deny the allegations of paragraph 50 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants deny the allegations of paragraph 53 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

## COUNT I

### FIRST DEFENSE

These Defendants deny each and every material allegation of Count I of the Complaint and demand strict proof thereof.

### SECOND DEFENSE

These Defendants plead the general issue.

### THIRD DEFENSE

These Defendants would state that Top Notch did not perform obligations required under the contract, hence is guilty of breach of contract.

### FOURTH DEFENSE

These Defendants would state that Count I of the Complaint fails to state a claim upon which relief may be granted, specifically that it fails to state any cause of action against Frederick Beasley, III.

## COUNT II

### FIRST DEFENSE

These Defendants deny each and every material allegation of Count II of the Complaint and demand strict proof thereof.

### SECOND DEFENSE

These Defendants plead the general issue.

### THIRD DEFENSE

These Defendants would state that Top Notch did not perform obligations required under the contract, hence is guilty of breach of contract.

### FOURTH DEFENSE

These Defendants would state that Count I of the Complaint fails to state a claim upon which relief may be granted, specifically that it fails to state any cause of action against Frederick Beasley, III.

## COUNT III

### FIRST DEFENSE

These Defendants deny each and every material allegation of Count III of the Complaint and demand strict proof thereof.

### SECOND DEFENSE

These Defendants plead the general issue.

### THIRD DEFENSE

These Defendants would state that Top Notch did not perform obligations required under the contract, hence is guilty of breach of contract.

**FOURTH DEFENSE**

These Defendants would state that Count IV of the Complaint fails to state a claim upon which relief may be granted, specifically that it fails to state any cause of action against Frederick Beasley, III.

**COUNT IV**

**FIRST DEFENSE**

These Defendants deny each and every material allegation of Count I of the Complaint and demand strict proof thereof.

**SECOND DEFENSE**

These Defendants plead the general issue.

**THIRD DEFENSE**

These Defendants would state that Top Notch did not perform obligations required under the contract, hence is guilty of breach of contract.

**FOURTH DEFENSE**

These Defendants would state that Count I of the Complaint fails to state a claim upon which relief may be granted, specifically that it fails to state any cause of action against Frederick Beasley, III.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

These Defendants would state that the Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

These Defendants would state that Plaintiff comes before the court with unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

These Defendants plead the defense of fraud in the inducement.

### FOURTH AFFIRMATIVE DEFENSE

These Defendants would state, on information and belief, that Plaintiff Top Notch Consulting, Inc. is not a proper legal entity to bring this action.

### DEFENDANTS DEMAND TRIAL BY A STRUCK JURY

_____
JEFFREY W. SMITH (SMI088)
One of the Attorneys for Defendants
Universal City, LLC and Frederick
Beasley, III

**OF COUNSEL**:

**SLATEN & O'CONNOR**
Post Office Box 1110
Montgomery, AL 36101
(334) 396-8882
FAX: (334) 396-8880
E-Mail: jsmith@slatenlaw.com
        cmclean@slatenlaw.com

_____
WILLIAM TERRY TRAVIS (TRA012)
One of the Attorneys for Defendants
Universal City, LLC and Frederick
Beasley, III

**OF COUNSEL**:

**TERRY TRAVIS, ESQ.**
Post Office Box 1871
Montgomery, AL 36102-1871
(334) 262-3338
FAX: (334)
E-Mail: travisatty@bellsouth.net
        sueegreen@bellsouth.net

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I have served a copy of the foregoing document upon the below listed counsel of record, by placing copy of same in the United States Mail, postage prepaid this the ___22___ day of November, 2005:

                Mark N. Chambless, Esq.
                Chambless & Math
                Post Office Box 230759
                Montgomery, AL 36123-0759

                                              OF COUNSEL

F:\Gen Litigation\Universal City, LLC\Pleadings\Answer.wpd