IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TOP NOTCH CONSULTING, INC. | * |
| Plaintiff, | * |
| v | * CASE NO.: 2:05 CV 996-M |
| UNIVERSAL CITY, LLC.; and FREDERICK J. BEASLEY, III, | * |
| Defendants. | * |

## DEFENDANTS' FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

**COME NOW** a Defendant, Defendants, Universal City, LLC and Frederick J. Beasley, III, and requests that the Plaintiff, Top Notch Consulting, Inc., respond, under oath, within the prescribed time to the following Interrogatories:

### DEFINITIONS

1. The terms "you" and "your" shall mean and refer to Top Notch Consulting, Inc..

2. The term "person" or "persons" shall mean all entities, including but not limited to all individuals, associations, companies, partnerships, joint ventures, corporations, trusts, estates, public agencies, departments, bureaus and boards.

3. The term "identify" when used with respect to an individual, means to state the full name and present or last known address of each such person, the present or last known position and business affiliation and positions and business affiliations at all times during the period covered by these interrogatories. When used with respect to a person other than an individual or corporation, "identify" shall mean to state the official name or designation and address of each such person.

4. When used with respect to a document, "identify" shall mean to state its date, the type of document (e.g., letter, memorandum, telegram, chart, photograph, sound reproduction, etc.), the author and addressee, the present location and custodian, and a description of its contents.

5. The term "identify", when used with respect to any act, occurrence, transition, statement or conduct (hereinafter collectively called "act"), means to describe in substance the event or events constituting such act, the location, the date, the persons involved and the documents referring or relating thereto.

6. The terms "document" or "documents" shall include all written, printed, typed, recorded or graphic matter, however produced or reproduced, in the actual or constructive possession, custody or control of Top Notch Consulting, Inc., its heirs, assigns and employees or agents, without limitation all writings, drawings, maps, graphs, charts, photographs, phonograph records and sound reproduction tapes, data compilation from which information can be obtained or can be translated through detection devices into reasonably usable form, computer tapes, computer inputs or outputs, or any other tangible thing which constitutes or contains matters within the scope of Rule 33 of the *Federal Rules of Civil Procedure*.

7. As used herein, the singular form of a noun or pronoun shall be considered to include, within its meaning, the plural form of the noun or pronoun so used, and vice versa; in similar fashion, the use of the masculine form of a pronoun shall be considered to include also within its meaning the neuter and feminine forms, and the use of any verb shall include all other tenses of the verb so used.

8. These requests shall be deemed continuing and you shall file supplemental answers as required if you obtain further information of the nature sought by these request for

production of documents subsequent to the time answers are served and prior to the trial of this case.

## INTERROGATORIES

1. Identify by name, social security number and date of birth, the individual who answers these interrogatories. Provide legible copies of all documents referred to or consulted in providing responses to these interrogatories.

**RESPONSE:**

2. Specify where and when "Top Notch Consulting, Inc." was incorporated and when it ceased to do business if it no longer does business.

**RESPONSE:**

3. Identify by style, case number and jurisdiction each and every civil or criminal action naming Top Notch Consulting, Inc., William Brew or any other business entity in which William Brew had a controlling interest in the last ten (10) years. Provide a legible copy of all Complaints, Answers, Indictments or Informations pertaining to said actions.

**RESPONSE:**

4. Provide a complete and comprehensive list of all clients, to include addresses and telephone numbers, serviced by Top Notch Consultants, Inc. in the "entertainment and restaurant business" in the five (5) years preceding April, 2005.

**RESPONSE:**

5. If "Top Notch Consulting, Inc." contends that it engaged in any business other than the "entertainment and restaurant business" in the past five (5) years, identify its clients (to include addresses and telephone numbers) and identify the business in which said clients were engaged.

**RESPONSE:**

6. State with specificity what education, experience and special expertise qualifies William Brew and/or Top Notch Consulting, Inc. to consult clients regarding the "entertainment and restaurant business."

**RESPONSE:**

7. Provide a complete copy of the "business idea, plan and concept" referred to in the Complaint created by Top Notch Consulting, Inc. and "its owner" William Brew in California. This interrogatory calls for any documents developed by Brew and/or Top Notch and an itemization of "time, effort and personal investments" referenced in paragraph 8 of the Complaint.

**RESPONSE:**

8. Provide legible copies of "all materials prepared by Top Notch" referenced in paragraphs 18-21 of the Complaint which you contend Defendants have used and continue to use. Specify which of these documents Plaintiff contends are "confidential."

**RESPONSE:**

9. State with specificity on what Plaintiff bases its allegation that Defendants have continued relationships with each of the following:

   (a) Compass Bank;

   (b) CitiBank;

   (c) Don Stansell;

   (d) Aronov;

   (e) Ken Anderson;

   (f) Brady Distributing Company;

   (g) Creative Equipment Funding, LLC;

   (h) Sandy Goodwin Brothers.

Identify with specificity what "materials previously generated by Top Notch" each of these entities and Defendants are using. Provide legible copies of said "materials."

**RESPONSE:**


10. In your Complaint you state that Top Notch was notified of its termination on August 30, 2005 by telephone. Do you contend that this was the only notification of termination you received before October 8, 2005? If so, state specifically each and every action for which you contend you should have been compensated by Defendants after August 30, 2005.

**RESPONSE:**


11. Specify each and every act done by you in assisting Defendants in obtaining a loan from Compass Bank. This interrogatory calls for you to identify each

communication between you and any representative of Compass Bank and the date on which said communication was made. Provide legible copies of all writings of any description which evidence any assistance in obtaining this loan.

**RESPONSE:**

12. Specify each and every act done by you in establishing a "business relationship" between Defendants and CitiBank. This interrogatory calls for you to identify each communication between you and any representative of CitiBank and the date on which said communication was made. Provide legible copies of all writings of any description which evidence a promise on the part of CitiBank to provide Defendants with $831,000.00.

**RESPONSE:**

13. Specify each and every act done by you in establishing a "business relationship for Universal with Creative Equipment Funding, LLC." This interrogatory calls for you to identify each communication between you and any representative of Creative Equipment Funding, LLC and the date on which said communication was made. Provide legible copies of all writings of any description which evidence approval of $1,500,000,00 equipment leasing line of credit for Universal.

**RESPONSE:**

14. Specify each and every act done by you in establishing a "business relationship

for Universal with Brady Distributing Company." This interrogatory calls for you to identify each communication between you and any representative of Brady Distributing Company and the date on which said communication was made. Provide legible copies of all writings of any description which evidence approval of "a $600,000.00 equipment leasing and purchasing line of credit for Universal."

**RESPONSE:**


15. Identify each and every "numerous additional services" Top Notch has provided for Defendants in addition to " duties required in the original contract."

**RESPONSE:**


16. Identify each customer of Top Notch contacted by Defendants and specify each item of "misleading, false and inaccurate information" communicated to said customer which constituted tortuous interference with business relations.

**RESPONSE:**


17. Identify each other individual or business contacted by Defendants and specify each item of "misleading, false and inaccurate information" communicated to said individual or business which constituted tortuous interference with business relations.

**RESPONSE:**


18. Identify each and every act which you contend Defendants have done to "damage

and destroy the business and reputation of Top Notch."

**RESPONSE:**

19. State with specificity all monetary loss, lost intellectual property, customer and vendor lists, price lists, procedure manuals, and other intellectual property rights, and [loss of] customers and business which you contend Defendants caused. Provide legible copies of any writing which would support your claim in this regard.

**RESPONSE:**

20. Identify with specificity what trade secrets you claim Defendants have disseminated and to whom you claim these trade secrets were disseminated.

**RESPONSE**:

21. Provide copies of corporate income tax returns, both state and federal, for Top Notch Consulting, Inc. and individual income tax returns, both state and federal, for William Brew for the past five (5) years.

**RESPONSE:**

22. Provide the name/address/telephone number of each witness you intend to call at the trial of this action with the synopsis of this witness' anticipated testimony.

**RESPONSE:**

23.  Provide an itemization, with supporting documentation, of all expenses you claim to have incurred on behalf of Defendants and note those expenses for which you received reimbursement verus expenses for which you claim you did not receive reimbursement from Defendants.

**RESPONSE:**


24.  State the name(s) of all attorneys, persons or entities who drafted or assisted in drafting the written contract you reference at paragraph 11 of the Complaint and provide the address and telephone number for such attorney, person or entity and for whom said individual was working at the time he or she provided such assistance.

**RESPONSE:**


25.  Provide the date, source of payment, amount of payment and purpose of payment for all funds transferred to you from Defendants during all times relevant to the allegations of your Complaint.

**RESPONSE:**


26.  Identify the individual who signed Fred Beasley's name to the CEF Credit Application dated on or about July 27, 2005. Identify by what authority the individual signing Fred Beasley's name signed his name.

**RESPONSE:**

27. State with specificity all actions you took on behalf of Defendants which supports your allegation at paragraph 38 of the Complaint that you "fully performed the services required by the original contract up to and including September 2, 2005." As to each action, state the following:

   a. The nature of the action taken by you;

   b. The person or persons with whom you claim to have made contact;

   c. The result of the action claimed by you.

**RESPONSE:**


28. Identify the individual who purchased the office equipment and furnishings used at 2601 Vaughn Lakes, Apartment 1634 during the time Top Notch was performing services for Defendants. Identify who is in present possession of this equipment and furnishings. This equipment includes, but is not limited to, scanner/printer/copier combination, DVD player, assorted computer power cords, assorted desk top material. Identify by what authority the individual in possession of equipment and furnishings claims these equipment and furnishings.

**RESPONSE:**

                                */s/ Jeffrey W. Smith*
                                JEFFREY W. SMITH (SMI088)
                                One of the Attorneys for Defendants
                                Universal City, LLC and Frederick
                                Beasley, III

**OF COUNSEL**:

**SLATEN & O'CONNOR**
Post Office Box 1110
Montgomery, AL 36101
(334) 396-8882
FAX: (334) 396-8880
E-Mail: jsmith@slatenlaw.com
        cmclean@slatenlaw.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that I have served a copy of the foregoing document upon the below listed counsel of record, by placing copy of same in the United States Mail, postage prepaid this the _____ day of November, 2005:

                Mark N. Chambless, Esq.
                Chambless & Math
                Post Office Box 230759
                Montgomery, AL 36123-0759

                                                  */s/*
                                                  OF COUNSEL

F:\Gen Litigation\Universal City, LLC\Discovery\Interrogs and RFP.wpd

January 12, 2006

Mark N. Chambless, Esq.
Chambless & Math
Post Office Box 230759
Montgomery, AL 36123-0759

RE:   Top Notch Consulting, Inc. v. Universal City, LLC and Frederick J. Beasley, III
      Case No. : 2:05 CV 996-T
      Our File No. : 05-975-0001

Dear Mark:

Your responses to my discovery are well overdue. Please provide me with answers to interrogatories and a response to my request for production within 10 days. If I don't have this, I am going to be forced to file a motion to compel.

                                    Very truly yours,

                                    Jeffrey W. Smith

JWS/cmc

CC:   Terry Travis, Esq.

F:\Gen Litigation\Universal City, LLC\Correspondence\Chambliss 1-12-06.wpd