
EXHIBIT A

UNITED STATES DISTRICT COURT for the
MIDDLE DISTRICT of ALABAMA

| | |
|---|---|
| TOP NOTCH CONSULTING, INC. | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:05-cv-996-MHT |
| UNIVERSAL CITY, LLC.; and FREDERICK J. BEASLEY, III | ) |
| Defendants. | ) |

### SUPPLEMENTAL ANSWERS TO DEFENDANT'S
### FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION.

Comes Now, Top Notch Consulting, Inc., and hereby responds as follows:

1. William Edward Brew is not required to provide his personal social security number to Defendants and the same is protected by Federal Law. William Brew is not a party to this action. The contract involved in this matter is between Top Notch and Universal City.

   The tax Identification Number for Top Notch is: **87- 0766384**.

   The Defendant is seeking this information to file a false tax form naming William Brew as the recipient of the monthly payments due under the contract. I have copies of three checks paid on this contract and the same are attached and the same show that the funds were paid to William Brew for Top Notch Consulting, Inc. The other checks so marked are in the possession of the Defendants.

2. Incorporated May1, 2003 in California and the company has not ceased to do business. No amendment necessary.

3. The information requested was provided to the Defendant. This is a request to produce and the Plaintiff produced copies of the documents in his possession. Plaintiff is not required to prepare a list when the information is provided to the Defendant and readily available to him.

   **CIVIL CASES**
   City of Oakland v William Brew 2001-029567
   City of Oakland v William Brew 2001-032896
   City of Oakland v William Brew 2002-063965
   National Credit Union Administrative Board v. William E. Brew RG 2004- 158980
   Larry Flick dba The Floor Store v William Brew RSC 2005-0662
   Larry Flick dba The Floor Store v William Brew RSC 2005-0658

Montgomery, I have been informed of the above by Ken Anderson, Wendy and Rob from Compass Bank, Steve Wallace, Joe Bohannon, Kyle, Don Stansel, and Sandy Goodwin. It is my understanding that all materials used by me and created by me to create this project are still in use and being used by each of the above parties.

To supplement this, each of the items produced and marked 9 have been used and are continuing to be used on this project. Each was produced through the efforts of Top Notch. I provided individual files clearly marked with the names of the companies or person set out in this question for the attorney to review. Again, he choose not to review and simply inform this court that I did not reply. Again, I inform this court that I have replied to the best of my ability and that the information requested has been produced and is being produced again. I have files marked Compass, Citibank, Don Stansell, Aronov, Brady, CEF and Goodwin that I provided to the Defendants attorney. Each of these files has information I gathered and used on this project. In addition, I provided many other files that also contains the information I gather, developed and used to create this project. All of this information is the product of Top Notch and is still being used to the best of my knowledge. I have not been privy to any ongoing project information since August 30, 2005. I believe that all of the information attached is still being used by the defendants.

10. The contract prepared by Fred's attorney and signed by the parties requires 30 days written notice of termination and the payment of $5,000.00 per month until such time. The written notice was delivered to me on October 8, 2005. The amended signed by me requires monthly payments until the contract is cancelled. I was not paid in September, October or November. I am due $15,000.00 for monthly, plus 10% of the loans secured, plus damages for breach and those damages set out in the complaint. No amendment necessary. The only written notice of termination I received was received on the date stated above. Fred Beasley told me he intended on terminating the contract, for me to leave the apartment and stop working on the project on August 30, 2005.

15. I met with hundreds of persons and made thousands of calls on this project. I worked on every aspect of starting, opening and running this business. I met with Realtors, kitchen specialists, equipment vendors, gaming vendors, lighting specialists, sign persons, City, County and State officials, lawyers, carpet persons. I met with every kind of person to see that this business opened. I worked on plates, glasses and napkins for the business. I was required to traveled with Fred Beasley to cover for his personal activities on the trips. I had to keep and maintain his secrets and other personal non-business confidences he placed on me. I was misled form the first time we meet to discuss the project in Montgomery. I was misled about Mr. Beasley's finances in that he informed me he had the finances to open a $3,000,000.00 facility. From the first day he asked me about helping him, he informed me that the facility would be a $3,000,000.00 facility. My agreement to come to Alabama and leave my family for six months was based upon 10% of this figure and this understanding and agreement. In fact, every loan obtained was difficult to arrange including the $100,000.00 loan from Compass. I had to do many, many personal favors for Fred and his family. I had to deal with his family, spouse, children and relatives daily. All the while, he would complain if I tried to spend one moment or any time with my family in California. Mr. Beasley complained openly to me

and others about me spending one week vacation with my family during the entire summer of 2005. I met with Sandy Goodwin, met with hundreds of people, made hundreds of calls to establish this business and create a plan that would work in Montgomery. I spent hundreds of hours with architects, Realtors, sign designers, establishing the corporation, meeting with Mr. Beasley's attorney Randy Moore, obtained the liquor license, dealing with state, city and county officials on this project. I had to learn about the Alabama ABC board and its representatives. I established marketing contacts and insurance contacts. I established graphic designs, logos and other print information. All these efforts were made in contemplation of the 10% percentage promised me. All the while Fred intended to get all the way down the road and within weeks of opening and then fire me before any loan closing and stiff me on my fees. I should have seen this coming when every vendor that had an open invoice was not paid and came ot me complaining and requesting my intervention to get paid. When these persons were complaining, we had a difficult time obtaining the $100,000.00 loan. Mr. Beasley refused to pay his attorney fees and the architectural fees despite their excellent service to Universal and Fred. I have provided many documents that set out many, many other services performed. Attorney Smith says this answer is non-responsive. I have provided the best answer I can here. I am entitled to damages for breach of contract. Fred Beasley lied to me from the very first conversations to how I would be compensated. He lied about his finances and the fact that he had the "money in the bank" to do this project. He never informed me that he did not have the financial means to secure the project funding. I agreed to prepare applications, loans, etc. based upon the statements of Fred Beasley that he had the financial statements to secure the loans required of approximately $3,000,000.00. He never told me that he did not have the personal resources to qualify for loans to fund the project, he just requested that I secure the financing using his personal financial information. This was not at all what was required and I had to use all of my abilities to arrange for financing this project.

He never told me that I would be required to cover for his adulterous behaviors. He never told me I would have to preform services for his wife and children. He never informed me that I would have to do projects at his house. He never told me I would have to spend most of my time organizing his financing and working full time finding finances for the project. He never told me I would have to work to get him to pay for the services purchased or ordered. He never told me I would have to work many hours just to get a $100,000.00 loan to keep the project moving. Again, I repeat, even though the attorney does not like my answer and demands additional information, I want to be compensated for the work I did in accordance with the contract. I want to be paid for the project as I was promised and as is set out in the first and amended contract. Fred told me he had the financing for a $2,000,000.00 to $3,000,000.00 dollar facility and asked me to help set it up in exchange for 10% of the final facility cost. This was a lie and Fred knew this was a lie as he did not even have $100,000.00 to fund the project without my assistance.

21. No tax returns are not available for Top Notch for the years 2003 or 2004 as the company had no income and did not file return. Top Notch has income for the year 2005 and will file a tax return for this tax year. A copy of the same will be produced when filed.

22. I do not know who my attorney will call at this time. I expect the persons named in these

answers will be called. I expect that each company that approved a loan will be called upon to testify. Ken Anderson, Wendy and Rob from Compass Bank, Steve Wallace, Joe Bohannon, Kyle, Don Stansel, and Sandy Goodwin. Representatives from Compass, Citibank, Don Stansell Architects, Aronov, Brady, CEF and Goodwin Brothers. Attorney Randy Moore. Attorney Greg Lyons. Fred Beasley. Jerry Kirk of Restaurant Equipment Design, Inc. Chris Shields of CEF. James G. Smiley of Brady.Marshall Kido of CITIBANK. Compass Bank representative. Jennifer Robinson. Martha Ortega of East Bay. Jackie Beasley. Steve Wallace of Aronov. Everett Marshall of Marshall Construction. Office Depo Representative. Sandy Stringer of Goodwin Brothers. Artin Bloom of Olhausen. Patriot Signs.

21. I was orally terminated on August 30 and after I moved from the apartment I di not submit for reimbursable expenses and I do not have those records at this time. All reimbursable expenses for the prior months were paid. Fred Beasley did agree to reimburse me $500.00 per month for August.

25. I have a copy of two checks paid to Top Notch in August and one check for reimbursement to William brew in August. Top Notch received the initial payment of $5,000.00 for May 2005. These records are attached and were attached in the original requests. Top Notch was paid for the months of May and June. William Brew was reimbursed for expenses in May, June and July. August expenses were not reimbursed. All checks are in the possession of the Defendant.

27. This question asks me to state in writing everything I did over a five month period. I worked 40 to 75 hours per week during this time and made thousands of telephone calls and went to many different cities and meet with hundreds of persons. There is no way to answer this question in writing and is onerous. If I were to set out everything I did for the five months I worked with Universal it would take hundreds of pages to write. The proof is in the letters of credit and loan approvals. I spent many hours on this but this task was not even suppose to be a part of this project. I was told that Fred had the $3,000,000.00 to set up this project. My original agreement was to coordinate the project and open the same. I was never informed that I would be required to spend time obtaining financing. I was not then nor now a financier. Fred misrepresented the project to me from the start. I knew I could set up the business within five months but it turned out that there was no financing and most every aspect of this project was delayed due to the false representation made to me from the start. I fully performed to the best of my ability while Fred just misrepresented the facts to me from the start. I lost six months of my business life due to the false statements and misrepresentation of Fred Beasley. I have attached 100's of documents that show some of the actions I took on behalf of Universal. I arranged for and obtained approval of financing for over $3,000,000.00. I tried in every manner to get the business organized, up and running. The primary area I worked on during the first 4 months was financing the project as Fred Beasley did not have the financial resources to rely upon his credit as he stated he did. I sought out financing from every vendor and supplier hoping to combine lease purchase options for Fred. I opened numerous files from vendors and the same are attached. As a start up business all vendors were requiring personal financial statements from Fred Beasley and this caused many problems.

out that there was no financing and most every aspect of this project was delayed due to the false representation made to me from the start. I fully performed to the best of my ability while Fred just misrepresented the facts to me from the start. I lost six months of my business life due to the false statements and misrepresentation of Fred Beasley. I have attached 100's of documents that show some of the actions I took on behalf of Universal. I arranged for and obtained approval of financing for over $3,000,000.00. I tried in every manner to get the business organized, up and running. The primary area I worked on during the first 4 months was financing the project as Fred Beasley did not have the financial resources to rely upon his credit as he stated he did. I sought out financing from every vendor and supplier hoping to combine lease purchase options for Fred. I opened numerous files from vendors and the same are attached. As a start up business all vendors were requiring personal financial statements from Fred Beasley and this caused many problems.

**RESPECTFULLY SUBMITTED**, this the 10th day of April, 2006.

_____
William E. Brew

_____
Mark N. Chambless (CHA013)

CHAMBLESS ☐ MATH, P.C.
Attorneys at Law
Post Office Box 230759
Montgomery, AL 36123-0759
Office (334) 272-2230

SWORN TO AND SUBSCRIBED
before me this the _____
day of April, 2006.

_____
Notary Public
My Commission Expires:_____

    SEAL:

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing instrument was served on all parties or attorneys of record as set forth below by depositing a copy thereof in the United States mail

RESPECTFULLY SUBMITTED, this the 10th day of April, 2006.

                                              William E. Brew

                                              Mark N. Chambless (CHA013)

CHAMBLESS ❖ MATH, P.C.
Attorneys at Law
Post Office Box 230759
Montgomery, AL 36123-0759
Office (334) 272-2230

SWORN TO AND SUBSCRIBED
before me this the _____
day of April, 2006.

_____
Notary Public
My Commission Expires:_____

      SEAL:

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing instrument was served on all parties or attorneys of record as set forth below by depositing a copy thereof in the United States mail postage prepaid on this 10th day of April, 2006.

                                              OF COUNSEL

Jeffery W. Smith, Esq.
Post Office Box 1110
Montgomery, AL 36101-1110