UNITED STATES DISTRICT COURT for the
MIDDLE DISTRICT of ALABAMA

RECEIVED
2006 MAY 10 P 1: 15

..A. P. HACKETT, ..
...S. DISTRICT COURT
MIDDLE DISTRICT AL..

| | |
|---|---|
| TOP NOTCH CONSULTING, INC. | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:05-cv-996-MHT |
| UNIVERSAL CITY, LLC.; and FREDERICK J. BEASLEY, III | ) |
| Defendants. | ) |

### PLAINTIFF'S REPLY TO MOTION TO COMPEL and MOTION FOR SANCTIONS

Comes Now the Plaintiff by and through counsel of record and hereby responds to the motion to compel and the Motion for Sanctions and also hereby requests that this Court strike Exhibit D and as cause would show as follows:

1. The Motion for Sanctions was filed in bad faith in that Plaintiff has provided full and complete answers to the interrogatories.
2. The Motion for Sanctions was filed in bad faith in that Plaintiff has provided each and every business record in his possession as well as every other record in his possession in response to the non business related requests for production.
3. The Motion in part is a demand for the Plaintiff to organize the business records and other data into a format for counsel so that he can understand the data or in a form that is simple enough for him to review.
4. The Rules allow for the Plaintiff to produce the records as maintained and further allow the Plaintiff to simply make the records available for inspection and copying.
5. As the Plaintiff resides in California, the Plaintiff voluntarily shipped the records at his expense to Alabama.
6. The records were provided to the Defendant in the same manner that the records were maintained as allowed by the Rule 34, although files were created labeled and numbered.
7. Plaintiff has answered the interrogatories in compliance with Rule 33 (b) (1) and (d).
8. The Defendant's counsel is complaining about the answers and stating that he does not like the answers and that the Plaintiff is lying and additionally testifying and making claims and assertions about his opinions and setting these out in Exhibits introduced to this court but these complaints do not create grounds for Sanctions.
9. The Plaintiff produced each and every business record that is in his possession in

response to the interrogatories submitted and in addition labeled the files for the ease of the Defendants who had complained that they could not locate the documents when reviewing on their own without the additional assistance of the Plaintiff.

10. The Plaintiff produced records in a form consistent with Rule 33 (d) in reply to the interrogatories.
11. The Plaintiff produced boxes of materials and 100's or possibly 1000's of copies of business records.
12. The records were produced in the same manner as the same were stored in California and Plaintiff shipped the documents to Montgomery in order to allow inspection in Montgomery.
13. The Plaintiff is allowed under the rules to simply make the records available for inspection and copying but made extra effort to produce in Montgomery.
14. This action alone shows the good faith of the Plaintiff and the bad faith of the Defendant in requesting that the Plaintiff additionally organize the files so that they could understand.
15. There is no rule that requires Plaintiff to organize business records in a manner that allows the Defendant's counsel easy understanding.
16. The Plaintiff is not required to assist the Defendant in preparing its defense to the breach of contract.
17. The Plaintiff fully complied with each request to produce as required by Rule 34.
18. The documents produced in reply to the requests contained each and every business record in the possession of the Plaintiff.
19. The Plaintiff has fully complied in producing each document in reply to the requests for production in full compliance with the Federal Rules of Civil Procedure 34.
20. The Plaintiff has provided answers to the interrogatories in compliance with the Federal Rules of Civil Procedure 33.
21. The Defendant filed numerous requests for production and the items available to the Plaintiff and in his custody were provided in complete conformance with the Federal Rules of Civil Procedure.
22. The Defendant subsequently requested additional information or more detailed information by email dated March 15, 2006.
23. Plaintiff's counsel received this email and immediately forwarded to the Plaintiff.
24. Plaintiff's counsel was out of state during the Alabama spring break week of March 20, 2006 through March 23, 2006.
25. The email of March 15, 2006 was forwarded to Plaintiff and the attorney requested a face to face meeting to discuss discovery issues.
26. The attorney filed the motion for sanctions without any effort to resolve the matter although the interrogatory questions and the motion for sanctions speaks for itself as to the unreasonable nature of the demands.
27. Said email contained self serving statements that were set out in bad faith and in an effort to discredit, annoy and intimidate the Plaintiff.
28. The document should be removed from the record.
29. The defendants counsel may not like the answers provided but he has intentionally

called the Plaintiff names and inferred into the record facts that have not and will not be proven all in an effort to discredit and intimidate the Plaintiff.

30. Plaintiff's counsel would like an opportunity to review the interrogatories with the court as the interrogatories ask for the Plaintiff to state in detail everything he did on this business project for eight hours per day for a term of 6 months and additionally every conversation he had for over 6 months.
31. The Defendant filed a motion for sanctions based upon the Plaintiff not fully stating everything he did for 6 months or state in sufficient detail.
32. The answer filed is specific and full as per the rules.
33. The motion for sanction seeks for this court to order Plaintiff to seek out and obtain records and things not in his possession.
34. The Plaintiff is not required to accumulate documents that are not in his possession or control and items that can be obtained by the Defendant through his own efforts and the same is not due to be granted.
35. Exhibit D should be removed for the record.
36. The Defendant's counsel asserts in the motion for sanctions that he informed the Plaintiff that additional information was required.
37. The Plaintiff resides in California and the request for additional information can not be relayed, signed and forwarded to the Defendant in the time frame he requested and in fact the Defendants counsel simply filed the motion for sanctions before even two days had past from the demand for additional information.
38. The Plaintiff has been cooperating in discovery and has provided every single document in his possession on this project.
39. The Defendant's counsel made no effort to ascertain whether additional information would be provided or whether additional information was available, he just simply filed a renewed motion for compel.
40. The Supplemental Motion to compel was filed within 24 hours of the demand for additional information.
41. The motion for sanctions was filed for strategic purposes only in an attempt to garner the favor of this court.
42. The Plaintiff is fully cooperating in the discovery process and intends to fully prosecute the claims asserted in the complaint.
43. The Defendant is not entitled to sanctions.

Wherefore, the above premises considered, the Plaintiff asserts that sanctions are not due to be granted, and the motion to compel is due to be denied and any additional information needed or desired should be obtained through depositions.

**RESPECTFULLY SUBMITTED**, this the 10th day of May, 2006.

_____
Mark N. Chambless (CHA013)

CHAMBLESS, MATH ❖Carr, P.C.
Attorneys at Law
Post Office Box 230759
Montgomery, AL 36123-0759
Office (334) 272-2230

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all parties or attorneys of record as set forth below by depositing a copy thereof in the United States mail postage prepaid on this 10th day of May, 2006.

OF COUNSEL

Jeffery W. Smith, Esq.
Post Office Box 1110
Montgomery, AL 36101-1110