IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOP NOTCH CONSULTING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05CV996-WKW |
| ) | |
| UNIVERSAL CITY, LLC.; and ) | |
| FREDERICK J BEASLEY, III, ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**

This case remains pending on the unresolved discovery dispute between the plaintiff and the defendants, in spite of the court's best efforts to identify and conclude the issues. Most recently, the court entered an order on 8 May 2006 directing, ***inter alia***, counsel for the parties to appear for a hearing on 15 May 2006. Plaintiff's counsel did not appear.

As this order clearly indicates, the court has expended considerable - and largely unnecessary - time in the discovery phase of this case. Because of the plaintiff's dilatory responses and pleadings, the discovery stage and indeed the trial itself has been, or will be, delayed, thus compromising the previous settings made by the court and the court's overall management of this case and other cases.[1]

For the following reasons, and based upon the following finding of facts, the court

---

[1] If, for example, it becomes necessary to reset the dispositive motion deadline, and thus the trial date, in this case, it will inevitably affect the court's ability to dispose of other cases in accordance with prior case management goals.

concludes that the plaintiff and/or his counsel have demonstrated disregard to the court's directives and orders sufficient to warrant a further order and to award sanctions against the plaintiff.

## I. FINDINGS OF FACTS

The court's involvement with this discovery dispute began with the defendant's filing of a Motion for Order Compelling Discovery on 15 February 2006 (Doc. # 13). The motion alleged that, in spite of the defendant's service of its First Interrogatories and Request for Production of Documents upon the plaintiff on 22 November 2005, the plaintiff had responded almost 90 days later. The defendant alleged its attempts to communicate with plaintiff's counsel, but, because it failed to certify good faith efforts to resolve the dispute, pursuant to FED. RULE OF CIV. PRO. 26(e) and 37(a)(2)(B) and ¶5 of the General Order of this court, the court denied the motion on 17 February 2006 (Doc. # 14). The court reminded the parties that the certification requirement contemplated "an in-person conference to facilitate a good faith effort to settle the dispute".

Approximately one month later, on 17 March 2006, the defendant filed a Supplemental Motion to Compel (Doc. # 15). The motion alleged that its counsel had written to plaintiff's counsel "on numerous occasions regarding overdue discovery responses", that plaintiff's counsel had "repeatedly assured [that] responses to outstanding discovery would be forthcoming", and that, although defendant's counsel received a document purporting to be plaintiff's responses on 8 March 2006, the answers to the interrogatories were not sworn

2

(See Exhibit C to Doc. # 15), and the materials provided were not responsive.

Curiously, the answers to the interrogatories, which were forwarded to defendant's counsel via facsimile, were dated 20 October 2005, *one month before the interrogatories were even propounded.* The Certificate of Service on the next page was, however, prepared for entry of a certain date in March 2006. The answers to the interrogatories were ostensibly signed by William Brew ["Brew"], the principal of Top Notch Consulting, Inc. ["Top Notch"], but his attorney's signature line bore no signature, and Brew's signature was not notarized.

In any case, the defendant certified its attempt to engage in a face-to-face meeting with the plaintiff's counsel, but the latter gave no response. The defendant also alleged that, as of the date of the Supplemental Motion (17 March 2006), the plaintiff had failed to provide initial disclosures, notwithstanding the parties' agreement to exchange disclosures by 15 February 2006 (See the Report of Parties' Planning Meeting, Doc. # 9).

The court granted the defendant's Supplemental Motion on 27 March 2006 (Doc. # 16), directing the plaintiff as follows:

1. On or before 10 April 2006, the plaintiff shall re-serve his responses to the defendant's discovery requests. The service shall be made by hard copy and shall be signed in the original by the plaintiff. Moreover, the responses shall be complete and "responsive" to the interrogatories and the production requests.

2. Finally, to the extent that a document is, or set of documents are, purportedly responsive to a discovery request, it or they shall be labeled in a manner designed to correspond with the request and in a manner that makes the responsiveness of the document(s) readily discernible.

      3.      On or before 12 April 2006, the defendant shall file a Notice of Compliance with the Clerk of the court which sets forth the plaintiff's compliance or non-compliance with this order.

The court cautioned the plaintiff that his failure to comply with the order would result in the court's consideration of the imposition of monetary sanctions.[2]

On 18 April 2006, the defendant notified the court that the plaintiff had failed to comply with the order (Doc. # 19) by failing to file sworn responses to the interrogatories and by failing to label the documents provided "in a manner designed to correspond with the request and in a manner that makes the responsiveness of the document(s) readily discernible", as specifically directed by the court.

Declining to take action against the plaintiff on the defendant's representations alone, the court once again extended an opportunity to the plaintiff to demonstrate compliance with its orders by directing the plaintiff to show cause in writing by 11 May 2006 why the court should not impose sanctions for its failure to comply (Doc. # 20). *In the very same order*, the court directed the parties to appear for a hearing on 15 May 2006 at 11:00 a.m.

In clear response to the order of 8 May 2006, the plaintiff filed its written response on 10 May 2006 (Doc. # 23). The court has carefully reviewed the plaintiff's response. The response does not address the fact that the plaintiff's answers to interrogatories were not notarized or sworn, nor does it address the allegation that the compilation of the boxed

---

[2]The defendant had not - and still has not - requested sanctions of any kind against the plaintiff, but the court is altogether mindful of (1) the plaintiff's non-compliance with its obligations and the court's orders in this case, (2) the actual and potential prejudice to the defendant, and (3) the authority conferred by Rue 37 (c) and (d) to address a party's failures to comply with orders.

documents failed to comply with the court's direct and specific order.[3] The plaintiff's response also repeatedly refers to a "motion for sanctions" when, in fact, there is no motion for sanctions. The defendant has not moved for, or otherwise requested, sanctions in this case.

On the date set for the hearing (5 May 2006), with no prior notice to the court, plaintiff's counsel did not appear. The plaintiff neither requested an extension or advised the court of a conflict with the date or time of the hearing. The court FINDS that the plaintiff's counsel was aware of and actually notified of the hearing because the directive to appear at the hearing *was in the very same order as the directive to the plaintiff to show cause*. The plaintiff responded to the show cause order in a timely manner and thus must have received the single order.[4]

In view of the facts considered by the court, the parties' pleadings, and the representations made at the discovery conference, the court FINDS as follows:

1. Without good cause shown, the plaintiff has failed to provide timely and adequate discovery responses to the defendant's First Interrogatories and Request for Production, served on 22 November 2006.

---

[3] The plaintiff requested in his 10 May response that the court "strike Exhibit D", presumably a reference to Exhibit D to the Supplemental Motion (Doc. # 15). That document consists of e-mail correspondence from defendant's counsel to plaintiff's counsel regarding the status of discovery and is deemed pertinent to the court's conclusions. Thus, the court declines to strike it.

[4] For this reason, the court conducted the discovery conference in the absence of the plaintiff's counsel, instead of re-scheduling it.

2. Whether intentionally or not, the plaintiff's responses have unduly complicated the discovery process, prejudiced the defendant's ability to secure information to prepare its case for trial, and compromised the court's management of this case and possibly its trial settings.[5]

3. Without good cause shown, the plaintiff failed to comply with the court's order of 27 March 2006, outlining the format of its discovery responses, or the court's order of 8 May 2006, requiring counsel's appearance at a discovery status conference.

4. The plaintiff either negligently or willfully disregarded the court's order to appear for a hearing, in either of which cases the defendant's and the court's efforts to secure sworn - albeit overdue - responses to discovery were prejudiced, and the court's management of this case was compromised.

5. Upon examination at the conference of the contents of the box of documents provided to the defendant's counsel in response to the defendants request for production, the court concludes that

---

[5]The court's review of the plaintiff's responses, especially the boxed documents, strongly suggests that plaintiff's counsel has assumed a minor role, if any, in the compilation of responsive information. For example, most of the plaintiff's responses to the defendant's interrogatories (Exh. A to Doc. # 19) are written in the first person. The responses are detailed in a manner that is not helpful or responsive, and they are laden with irrelevant facts that are unrelated to the contract and the issues and with allegations that seemingly arise more from emotion than from reason.

       the compilation does not comply with the court's order of 27 March 2006 that specifically instructed that they be "labeled in a manner designed to correspond with the request and in a manner that makes the responsiveness of the document(s) readily discernible".[6]

6. The plaintiff and the plaintiff's attorney either willfully or recklessly ignored the defendant's discovery requests and this court's orders and made no attempt to seek leave of the court to extend the time for responding or to work with his client in developing compliant pleadings.

---

[6] In this connection, the plaintiff is correct that "[t]he Rules allow for the Plaintiff to produce the records as maintained and further allow the Plaintiff to simply [sic] make the records available for inspection and copying" (Doc. # 23, p. 1). However, to the extent that the plaintiff urges absolution from the defendant's accusation of unresponsiveness, the argument is disingenuous. First, the documents were parlously overdue. They should have been provided to the defendant by 22 December 2005; they were not delivered until May 2006. Second, the plaintiff's chosen method of delivering the documents defies the logic of his argument. Instead of serving them upon the defendant through his counsel, "as maintained", the documents were assembled and sent to a commercial copier, and defendant's counsel was notified by the copier to pick them up. Third, defendant's counsel brought the boxed documents to the discovery conference, and the court examined them. They were separated into folders, but neither the folders nor the documents therein were marked in a manner designed to facilitate identification of the documents in the context of discovery. Finally, the plaintiff's argument completely ignores the fact that the nature and extent of its responses - including the mode of delivery - were the subject of a court order (Doc. # 16). In other words, by the time the plaintiff actually provided the documents, it was responding to the defendant's request *as well as the court's order*.

## II.   CONCLUSION

The court is mindful of its continuing obligation to conserve the parties' and the court's scarce resources and to assure compliance with its orders.

### A.   *Recommendation*

For all of the reasons cited herein, and pursuant to the authority reposed in the court by Rule 37(c)(1) of the FED. RULES CIV. PRO., it is the RECOMMENDATION of the Magistrate Judge (1) that the plaintiff be prohibited from introducing any of the documents - or any evidence reflecting their contents - that would have constituted his initial disclosures, had he complied with the requirements of Rule 26(a), and (2) that the plaintiff be prohibited from "us[ing] as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed".

### B.   *Order*

It is ORDERED as follows:

1. Pursuant to Rule 37(b)(2), that the plaintiff and his counsel are hereby deemed in contempt of this court's orders of 27 March 2006 and 8 May 2006.

2. The plaintiff's responses to the defendant's discovery requests, including the answers to interrogatories and the documents provided, are hereby STRICKEN, and on or before 26 May 2006, the plaintiff is DIRECTED to re-serve complete responses upon defendant's counsel which comply with this

court's orders. Plaintiff's counsel is DIRECTED to assume full control of the articulation and formatting of the responses, to review the plaintiff's submissions, and to become personally involved in the process of conveying the answers and documents to defendant's counsel.

3. On or before 26 May 2006, the defendant shall submit an itemization of its reasonable expenses, including attorney's fees, caused by the plaintiff's failure to respond to discovery requests in a timely manner and the plaintiff's failure to obey the court's orders. The itemization shall be in the form of an affidavit or may be accompanied by defendant's counsel's affidavit.[7]

4. On or before 1 June 2006, the plaintiff may respond to the defendant's itemization of expenses and attorney fees. The plaintiff's response, however, shall be limited to the reasonableness of the expenses and shall not include argument regarding the propriety of the discovery requests. As the court has previously advised, pursuant to Rule 33(b)(4), the plaintiff has waived his objections.

5. Thereafter, the court will enter an appropriate order.

It is further

ORDERED that, solely with respect to section II-A above (the Recommendation), the

---

[7]In its order of 8 May 2006, the court extended to the defendant the option of submitting an "itemization of time and expenses required to prosecute the motions to compel" (Doc. # 20). This order does not extend an *option*; this order *directs* the filing of the pleading.

parties shall file any objections to this Recommendation on or before **31 May 2006**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. ***Nettles v. Wainwright***, 677 F.2d 404 (5th Cir. 1982). *See **Stein v. Reynolds Securities, Inc.***, 667 F.2d 33 (11th Cir. 1982). *See also **Bonner v. City of Prichard***, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 17th day of May, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE