UNITED STATES DISTRICT COURT for the
MIDDLE DISTRICT of ALABAMA

| | |
|---|---|
| TOP NOTCH CONSULTING, INC. | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO. 2:05-cv-996-MHT |
| | ) |
| UNIVERSAL CITY, LLC.; and | ) |
| FREDERICK J. BEASLEY, III | ) |
| | ) |
|     **Defendants.** | ) |

**MOTION TO ALTER AMEND OR VACATE
RECOMMENDATIONS IN ORDER DATED MAY 17, 2006**

Comes Now the Plaintiff by and through counsel of record and hereby respectfully requests that the Order dated May 17, 2006 be altered, amended or vacated the recommendations set out in the Order and as cause would show as follows:

1. The Plaintiff has not intended to nor tried to be dilatory in its responses to discovery and to the contrary has tried in every way to cooperate.

2. On May 15, 2006, Plaintiff's counsel did not appear at a hearing scheduled by order delivered over the internet through neglect, inadvertence and clerical error and computer ignorance of counsel for Plaintiff.

3. That Plaintiff's counsel did not understand through the date of May 15, 2006, that separate orders and computer links to orders were attached to the e-mails and further, did not know that the orders were attached to the e-mails by computer link. This was inadvertence and not intentional.

4. The Plaintiff should not be penalized due to Counsel's error, ignorance and unfamiliarity with computer transmission of Federal Court Orders.

5. On this date, Plaintiff's Counsel was not even registered to download or copy documents or file the same.

6. This was a mistake and Plaintiffs counsel understands that he should be penalized but respectfully requests that the Plaintiff not be punished due to his Counsel's unfamiliarity with computer links, e-mails and other computer internet systems.

7. The Plaintiff's Counsel did not knowingly disobey or disregard this Courts Order to appear and in fact had requested only days before to be allowed to appear to discuss the discovery problems.

8. The failure to appear was truly a mistake and negligent on Counsel's part and should not be reflected upon the Plaintiff and his desire to comply with the Orders of this Court and to prosecute his claims.

9. The Plaintiff himself did not know of the date of the hearing and should not be penalized due to his lawyers mistake and negligence.

10. The Plaintiff's Counsel has the original signed discovery answers.

11. The Plaintiff has signed three separate versions of the answers and the original of each is maintained in Counsel's file and can be supplied to the court.

12. The Plaintiff resides in California and communications and transfer of information and documents is therefore delayed and in an effort to provide the answers on the date certain, did provide signed but not notarized copies to counsel for Defendant. The Plaintiff has since provided the notarized copy to Counsel for Defendant without change.

13. The Plaintiff did in fact re-serve the answers to interrogatories on the Defendant on or before April 10, 2006 as required.

14. The Plaintiff's counsel in fact delivered the same personally, organized the discovery materials and delivered to a copy center as directed by Counsel for Defendant.

15. The original responses signed and notarized are available and have been provided to counsel for Defendant on two occasions and in person by Plaintiff's Counsel.

16. Counsel for Plaintiff also delivered over 800 documents to Counsel for Defendant in separate files marked to correspond to matters of the questions.

17. The Plaintiff labeled the original files and the original files were delivered to a copy service as directed by Defense counsel.

18. These original files were available for inspection and provided to the Defense counsel and are available today for inspection.

19. The Plaintiff and Plaintiff's counsel have marked the files in a manner that are designed to correspond to the requests and did so again in the past month and labeled the files so that they would correspond to the question numbers instead of the matters referenced in the questions.

20. The Plaintiff is in no manner trying to be dilatory or prevent meaningful discovery and did provide all of the documents on three separate occasions. The Plaintiff's Counsel has offered and in fact did go to Counsel for Defendant and show the Counsel how the files were organized and how they originally corresponded to the questions and how they were referenced in the answers. Again, The Plaintiff is not in any manner attempting to be dilatory.

21. As mentioned above, the email from the court was received and instructed Plaintiff to provide a response on or before May 10, 2006 and the Plaintiff

complied with this request but did not download the order from the computer link or internet link or know how to link to the order nor copy the order.

22. Plaintiff's counsel understands today that a hearing was ordered and further that Plaintiff's Counsel failed to appear.

23. The Plaintiff's Counsel apologizes herein to this Court and to Counsel for Defendant but requests that the Plaintiff not be prejudiced by Counsel's error.

24. The Plaintiff actually requested a hearing on the discovery matters in the reply as every attempt is being made to comply not only with the Court orders but the spirit of discovery rules.

25. The Plaintiff is seeking to comply in every manner and wants to and will fully comply with the Orders of this Court.

26. Plaintiff's Counsel pleads with this Court not to punish or prejudice the Plaintiff for the mistakes, lack of computer knowledge and error of his Counsel.

27. Counsel for Plaintiff requests that the Order and recommendations of this Court be modified so that Counsel be punished for the mistakes made but not the Plaintiff.

Wherefore, the above premises considered, the Plaintiff requests that the recommendations set out in the Order dated May 8, 2006 be altered amended or vacated..

**RESPECTFULLY SUBMITTED**, this the 8th day of June, 2006.

_____
Mark N. Chambless (CHA013)

CHAMBLESS, MATH ❖Carr, P.C.
Attorneys at Law
Post Office Box 230759
Montgomery, AL 36123-0759
Office (334) 272-2230

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served on all parties or attorneys of record as set forth below by depositing a copy thereof in the United States mail postage prepaid on this 10th day of May, 2006.

_____
OF COUNSEL

Jeffery W. Smith, Esq.
Post Office Box 1110
Montgomery, AL 36101-1110