IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TOP NOTCH CONSULTING, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | CASE NO.:  2:05 CV 996-WKW |
| | * | |
| UNIVERSAL CITY, LLC.; and | * | |
| FREDERICK J. BEASLEY, III, | * | |
| | * | |
| Defendants. | * | |

### REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO STRIKE

This Court has ordered Defendants to file a reply to Plaintiff's Response to their Motion to Strike. (Document #44, done August 23, 2006). Defendants submit the following in compliance with that Order.

### BACKGROUND

At a hearing concerning a discovery dispute in the above-captioned action, the presiding Magistrate Judge requested that the undersigned file with the Court a copy of the contract which forms in large part the basis of this action. Plaintiff had not attached this contract to the Complaint. Defendants filed with the Court a copy of the contract signed by principals of the parties to this action, entitled "Management Agreement." This was filed with the Court on May 19, 2006 and was assigned Document #29.

Plaintiff then filed with the Court what is termed "a supplement" to this contract in a pleading entitled "Plaintiff's Submission of Contract Documents." Attached to that pleading (filed on May 24, 2006 and assigned Document #31) was a copy of a one page

document entitled "Contract Amendment." This document was purportedly signed by William Brew, the president of Plaintiff. It was not signed by Defendant Fred Beasley in his individual capacity or in his capacity as manager of Universal City, LLC. In that pleading, Plaintiff's attorney stated that "[t]he original contract has been amended to include the provisions set out in this amendment."

Upon receiving a copy of "Plaintiff's Submission," the undersigned filed a Motion to Strike the "Contract Amendment." This was also filed on May 24 and is assigned Document #33. Defendants' Motion to Strike was based on the fact that Defendants never signed any "Contract Amendment" and that the "Management Agreement" called for any changes, modifications or amendments to be in writing and signed by all parties.

This Court then ordered Plaintiff to reply to Defendants' Motion to Strike. Plaintiff filed a reply on June 15, 2006 in a pleading assigned Document #39. In Plaintiff's Reply, Plaintiff's counsel seems to argue that the "Contract Amendment" is evidence of a subsequent oral agreement to the "Management Agreement" that all parties agree is a valid contract. The Court has now ordered Defendants to reply to Plaintiff's Response in Opposition to their Motion to Strike.

## ARGUMENT

Plaintiff contends that Fred Beasley and his attorney, Randy Moore, requested the modifications set out in the "Contract Amendment." Plaintiff's counsel states that Moore "requested a modification." Moore, an attorney for over 30 years, swears in an affidavit

attached to this pleading that this is not so. He states in his affidavit that William Brew, Plaintiff's president, asked him to draft the "amendment" and that his client, Beasley, refused to sign it. (See Moore Affidavit, Exhibit "1").

Consider what Plaintiff would have the Court believe. The "Management Agreement" called for Beasley to pay Plaintiff a <u>maximum</u> of $25,000.00 plus expenses. Plaintiff would have the Court believe that Beasley wanted to modify that contract so as to increase the amount he would pay Brew by at least $5,000.00 per month until the project had been completed. Of course, the project was never completed. The "Management Agreement" called for the Plaintiff to be paid a percentage of the "final loan" "upon closing the final loan." Plaintiff has asked the Court to believe that Beasley wanted to change that wording to require him to pay Plaintiff a percentage "upon closing any financing." This makes no sense. Of course, Moore says it never happened.

The law does not support Plaintiff's argument. Plaintiff states that, under Alabama law, a written agreement may be modified by a subsequent oral agreement of the parties. This is a correct statement of the law. However, this does not apply to this case.

The law in Alabama has always been that one party cannot unilaterally alter the terms of a contract after the contract has been made. Both parties must mutually assent to a modification. *Ex Parte Amoco Fabrics & Fibers Co.*, 729 So.2d 336 (Ala. 1998); *Kinmon v. JP King Auction, Co.*, 290 Ala. 323, 276 So.2d 569 (Ala. 1973). Brew cannot alter the terms of the "Management Agreement" by signing a "Contract Amendment" and contending

-3-

that this memorializes an oral agreement to alter the terms of a written contract. There was no mutual assent and Moore's affidavit conclusively proves this.

It is undisputed that the "Contract Amendment" was not signed by Beasley. Plaintiff states that "the signed original was never provided to the Plaintiff." This is simply because there is no signed original. The original contract was never modified. Beasley refused to sign any modification.

Plaintiff also argues that attorney Moore "requested a modification." At the outset, Moore says this is false. However, even if this is Plaintiff's basis for the alleged "subsequent oral agreement," the law does not support this argument. Moore could not bind Defendants by any oral agreement. "An agent's apparent authority must be based upon the conduct of the alleged principal and not that of the alleged agent." *Brannan & Guy, P.C. v. City of Montgomery,* 828 So.2d 914 (Ala. 2002) (Citations omitted). Moore could not bind Beasley by proposing an amendment, even if he had attempted to do so. It is undisputed that Beasley never assented to any modification of the original contract and refused to sign an amendment to the original contract.

The motive behind Plaintiff's submission of the "Contract Amendment" to the Court seems to be a claim that it is due 3 months' compensation at $5,000.00 per month since Plaintiff contends that it did not receive "written notification" of termination until October, 2005. Plaintiff was asked by Defendants in interrogatories if the "telephone notification" of August 30, 2005 alluded to in the Complaint was the only notification of termination

delivered by Defendants prior to the certified letter of October 8. (See Interrogatory No. 10 and answer to Interrogatory No. 10, Exhibit "2"). Plaintiff does not answer this Interrogatory. Rather, Mr. Brew states that "the only written notice of termination that was delivered to Top Notch was received on the date stated above." The date stated above refers to October 8, 2005. Plaintiff readily admits to not doing any further work after August 30, but seems to contend that Defendants owe it $15,000.00 because of the absence of "written notice." In fact, Plaintiff was notified by e-mail on August 30 and a series of e-mail communications between Fred Beasley and William Brew followed. These are attached as Exhibit "3" to this pleading. The undersigned has diligently searched for controlling legal authority where e-mail as written notice is discussed. This search has been unsuccessful. Even so, this Court provides written notice to attorneys via e-mail. Virtually every business and governmental entity in this country utilizes e-mail as written notice. It is disingenuous for Plaintiff to claim that it is entitled to $15,000.00 because of the absence of "written notice" when it was notified via e-mail of its termination and acknowledged this also via e-mail over two months prior to accepting a certified letter of termination.

## CONCLUSION

There was no "Contract Amendment." Fred Beasley never proposed one, agreed to one nor signed one. Defendants filed their Motion to Strike in an effort to limit the issues in this action to a manageable level. Defendants would argue that Plaintiff's contention that the "Management Agreement" was amended is not made in good faith. The Motion to Strike

is due to be granted.

      Respectfully submitted this the 26 day of August, 2006.

_____
JEFFREY W. SMITH (SMI088)
One of the Attorney for Defendants
Universal City, LLC and Frederick Beasley, III

OF COUNSEL:
SLATEN & O'CONNOR, P.C.
Post Office Box 1110
Montgomery, AL 36101
(334) 396-8882
FAX: (334) 396-8880
E-Mail: jsmith@slatenlaw.com

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that I have served a copy of the foregoing document upon the below listed counsel of record, by placing copy of same in the United States Mail, postage prepaid this the 26 day of August, 2006:

      Mark N. Chambless, Esq.
      Chambless & Math
      Post Office Box 230759
      Montgomery, AL 36123-0759

_____
OF COUNSEL

F:\Gen Litigation\Universal City, LLC\Pleadings\Reply to Plf. Opp. to Mtn. to Strike.wpd