IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| TOP NOTCH CONSULTING, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | CASE NO. :   2:05 CV 996-WKW |
| | * | |
| UNIVERSAL CITY, LLC.; and | * | |
| FREDERICK J. BEASLEY, III, | * | |
| | * | |
| Defendants. | * | |

## DEFENDANTS' REPLY TO PLAINTIFF'S
## RESPONSE TO MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

At the outset, Defendants object to the entire Brief of Plaintiff in Response to Defendants' Motion for Summary Judgment. It is in violation of this Court's Uniform Scheduling Order and Local Rule 5.5 (M.D. Ala. LR 5.5), it cites the Court to the wrong standard for summary judgment and it argues "facts" not in evidence and theories raised for the first time in its Brief. There are no citations to page and line, and generally makes little sense. Even so, Defendants, while continuing to rely on their Motion and the documents supporting that Motion, will, in accordance with the Court's Order of November 15, 2006, reply to Plaintiff's Brief with the following.

### BREACH OF CONTRACT

Plaintiff contends that it is due over $83,000.00 because of letters mailed by a CitiBank branch in California. (Exhibit "5-9" to Plaintiff's Response to Motion for Summary Judgment). It is readily apparent that these documents are form letters and do not represent

a firm commitment by a lender any more than the multitude of credit card offers arriving in the mail of every American every week. Defendants ask the Court to take judicial notice of this fact.

The remainder of the "loan commitments" for which Plaintiff claims it is due compensation have been addressed by Defendants with the affidavits of individuals who assert that no loan commitments were ever made. These individuals are third party lenders.

Interestingly, Plaintiff claims on Page 7 of its Brief that the contract which forms the basis of this action should be construed against Defendants. This is supposedly because it is "not disputed" that the contract was "prepared and drafted by the attorney for Universal." The reference Plaintiff cites for this proposition is its own answer to "Interrogatory 10." (See Page 7 of Plaintiff's Brief).

"Interrogatory 10" has nothing to do with the identity of the drafter of the contract. (See Interrogatory No. 10, Page 8, "Answers and Supplemental Answers to Defendants' First Interrogatories and Request for Production" attached in support of Defendants' Motion for Summary Judgment.). On the contrary, Interrogatory No. 24 asks who drafted or assisted in drafting the contract. Plaintiff answered "[A]ttorney Randy Moore. Attorney Greg Lyons (Plaintiff's attorney). Mr. Fred Beasley. Mr. William E. Brew (President and CEO of Plaintiff)." (See Interrogatory No. 24, Page 19 of above-referenced answers).

Plaintiff continues to argue that the unsigned "Contract Amendment" is valid. Defendants' Motion to Strike that "Amendment" is pending before the Court. Even so, what

difference would that "Amendment" make in this case? Defendants have the unquestioned right to terminate Plaintiff and exercised that right. The contract was not breached by Defendants.

## INTENTIONAL INFERENCE WITH BUSINESS RELATIONS

In its Brief, for the first time, Plaintiff advances the argument that Fred Beasley interfered with the contract between Top Notch Consulting, Inc., and Universal City, LLC. This flies in the face of its answers to Interrogatories in which it identified vendors, lenders, and a lady named Sharon Ringgenberg as those interfered with by Defendants. (See response to Interrogatory No. 16, Page 15 of above-referenced answers).

In other words, Plaintiff argues to this Court that Fred Beasley, the sole member of Universal City, LLC, is liable for tortiously interfering with the contract between his limited liability company and Plaintiff Top Notch Consulting, Inc. This theory and argument cannot be taken seriously and deserves no reply. Defendants stand on their argument in their Brief in Support of Motion for Summary Judgment.

## VIOLATION OF ALABAMA'S TRADE SECRETS ACT

The undisputed evidence before this Court is that Plaintiff cannot identify a single "trade secret" which Defendants have disseminated or to whom any such "secret" was disseminated. (See response to Interrogatory No. 20, Page 17 of above-referenced answers). The affidavit of Fred Beasley proves conclusively that nothing produced by Plaintiff has been used in his ongoing project. That evidence is undisputed. There is no violation of Alabama's

Trade Secrets Act.

Plaintiff argues that Fred Beasley "did disclose or use trade secrets to another, namely his new company Beasley Development Company, Inc." Of course, Plaintiff offers no facts in support of this proposition. The legal reasoning behind this theory makes no more sense than the Plaintiff's theory regarding intentional interference with business relations.

## QUANTUM MERIUT

Plaintiff claims that an implied contract existed between it and Fred Beasley because "ever (sic) aspect of the written contract that imposed a duty upon Universal City, LLC was implied upon Fred Beasley." (See Page 13 of Plaintiff's Brief). It argues this despite the fact that Beasley signed the contract on behalf of Universal City, LLC as its manager. (See signature page, Document #29).

This argument defies logic. Defendants stand on their Brief and submissions in support of their Motion for Summary Judgment.

## CONCLUSION

The Response of Plaintiff to Defendants' Motion for Summary Judgment creates no genuine issue of material fact in this case. Rather, this response is made up of a collection of unsubstantiated allegations, contradictory theories of liability and legal reasoning that appears to be not serious. These Defendants are entitled to judgment as a matter of law.

Respectfully submitted this the _11_ day of December, 2006.

_____
JEFFREY W. SMITH (SMI088)
Attorney for Defendants
Universal City, LLC and Frederick Beasley, III


**OF COUNSEL**:
**SLATEN & O'CONNOR, P.C.**
Post Office Box 1110
Montgomery, AL 36101
(334) 396-8882
FAX: (334) 396-8880
E-Mail: jsmith@slatenlaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing document upon the below listed counsel of record, by placing copy of same in the United States Mail, postage prepaid this the _11_ day of December, 2006:

Mark N. Chambless, Esquire
**Chambless & Math**
Post Office Box 230759
Montgomery, AL 36123-0759

_____
OF COUNSEL

F:\Gen Litigation\Universal City, LLC\Pleadings\Reply to Plf. Resp. to MSJ.wpd

-5-