UNITED STATES DISTRICT COURT for the
MIDDLE DISTRICT of ALABAMA

| | |
|---|---|
| TOP NOTCH CONSULTING, INC.Plaintiff,v.UNIVERSAL CITY, LLC.; andFREDERICK J. BEASLEY, IIIDefendants. | ))))))  CASE NO.  2:05-cv-996-MHT)))))) |

## NOTICE OF DEPOSITION DUCES TECUM OF RULE 30(b)(6) CORPORATE REPRESENTATIVE OR REPRESENTATIVES OF UNIVERSAL CITY, LLC

DATE:Wednesday, January 30, 2007
TIME:1:00 p.m.
LOCATION:Law Office of Chambless, Math & Carr, P.C.
5720 Carmichael Road
Montgomery, AL 36117

DEPONENT:**Rule 30(b)(6)Corporate Representative or Representatives of UNIVERSAL CITY, LLC, who are most knowledgeable concerning the matters listed below.**

Please take notice that at the above time, date and location, **TOP NOTCH CONSULTING, INC**, the Plaintiff in the above styled cause, will, by oral examination, take the testimony of the 30(b)(6) corporate representative or representatives described above, before a Certified Shorthand Reporter or other duly qualified officer, in accordance with the *Federal Rules of Civil Procedure*. The deposition will continue until completed.

The matters upon which the 30(b)(6) representative or representatives shall be examined include but are not limited to: A) Any and all communications between the Defendant and Plaintiff concerning the law suit and the matters set out in the complaint; and B) any information concerning the alleged termination of the contract between the parties and the project referenced in the complaint; and C) General background information of Defendant's project and the current status of the project.

The 30(b)(6) corporate representative or representatives are directed to produce, for inspection and copying at said deposition the documents more fully described in Exhibit A, attached

hereto and incorporated by reference.

_____
Mark N. Chambless CHA013

Of Counsel
CHAMBLESS MATH ❖CARR, P.C.
Post Office Box 230759
Montgomery, AL 36123-0759
(tel) 334.272.2230
(fax) 334.272.1955

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 16th day of January, 2007, I have served a true, accurate and correct copy of the foregoing document, via e-file, by United States Mail, postage prepaid and properly addressed and by facsimile upon the following:

SLATEN & O'CONNOR
Jeffery W. Smith, Esq.
Post Office Box 1110
Montgomery, AL 36101

_____
Of Counsel

## EXHIBIT "A" TO NOTICE OF DEPOSITION DUCES TECUM

1. Any and all documents in the working file, legal file or computer files of Fred Beasley; Universal City, LLC; Beasley Development Company, LLC or any other related or associated company involving the principal Fred Beasley associated with the project involved in this law suit.

2. Any and all plans, documents or other specifications prepared for Fred Beasley; Universal City, LLC; Beasley Development Company, LLC or any other related or associated company involving the principal Fred Beasley associated with the project involved in this law suit.

3. Any and all loan documents or other financial documents involved in the funding of this project and in the possession of Fred Beasley; Universal City, LLC; Beasley Development Company, LLC or any other related or associated company involving the principal Fred Beasley associated with the project involved in this law suit.

4. Any and all contracts entered into and signed by any person, business, corporation, LLC or other business entity and made a part of this project and in the possession of Fred Beasley; Universal City, LLC; Beasley Development Company, LLC or any other related or associated company and associated with the project involved in this law suit.

5. Any and all documents which the deponent intends to be used as evidence in the trial of this matter.

6. Any document, letter, email or other form of communication which the deponent intends to be used at the trial of this matter.

7. Any and all documents which reflect or relate to the contract entered into by the parties which is the subject of Plaintiff's complaint

8. Any and all documents which reflect or indicate that Top Notch was terminated.

9. Any and all documents which reflect any rationale for the denial of payment of the 10% commissions set out in the contract.

10. Any and all documents which reflect statements of potential witnesses taken by or on the behalf of Defendant related to any claim or defense in the above styled matter.

11. Any and all documents which deponent intends to rely upon, in whole or in part, to establish any defense to the allegations set out in the complaint.