## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **TOP NOTCH CONSULTING, INC.** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v** | * | **CASE NO. :   2:05 CV 996-WKW** |
| | * | |
| **UNIVERSAL CITY, LLC.; and** | * | |
| **FREDERICK J. BEASLEY, III,** | * | |
| | * | |
| **Defendants.** | * | |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S
### PROPOSED EXHIBITS

It is the recollection of the undersigned that, at the Pretrial Conference, the Court instructed Plaintiff's counsel to submit an exhibit list in compliance with Rule 26(a)(3) of the *Federal Rules of Civil Procedure* and that Defendants would thereafter be allowed an opportunity to object to Plaintiff's proffered evidence. Plaintiff's counsel has not submitted a revised exhibit list. Therefore, in an abundance of caution, Defendants file the following objection:

### GENERAL OBJECTIONS

This Court's Uniform Scheduling Order calls for exhibit lists to be filed "pursuant to the provisions of Rule 26(a)(3) of the *Federal Rules of Civil Procedure*." Said rule requires "an appropriate identification of each document . . ., separately identifying those which the party expects to offer and those which the party may offer if the need arises."

Plaintiff's Exhibit List (attached as Exhibit "A") consists of 57 separate items comprising approximately 900 pages. Said list does not appropriately identify each

document. Neither does said list separately identify those documents which Plaintiff expects to offer and those which Plaintiff may offer if the need arises. Rather, it lists every piece of paper the Plaintiff has. Defendants have attempted to resolve this problem informally through e-mail communication with Plaintiff's counsel. (See Exhibit "B"). Plaintiff has not clarified its Exhibit List despite the informal request of Defendants and the instructions of the Court. Accordingly, Defendants object to the entire Exhibit List submitted by the Plaintiff.

## SPECIFIC OBJECTIONS

Defendants have no objection to the original signed contract listed as Item 1 in Plaintiff's Exhibit List. However, Defendants object to the introduction of any document which is not identified with the specificity required by Rule 26, which represents hearsay and/or is not relevant to the issues in this case. Documents which appear to warrant objection based on those grounds include, but are not limited to, those assigned the following numbers in Plaintiff's Exhibit List: 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 32, 33, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 53, 54, 55, 56, 57.

Defendants respectfully object to those items listed in Plaintiff's Exhibit List based on the grounds stated above. Defendants reserve the right to make more specific objections should Plaintiff revise its Exhibit List to comply with Rule 26(a)(3) of the *Federal Rules of Civil Procedure*.

Respectfully submitted this the 9th day of March, 2007.

_____
**JEFFREY W. SMITH (SMI088)**
Attorney for Defendants
Universal City, LLC and Frederick Beasley, III

**OF COUNSEL**:
**SLATEN & O'CONNOR, P.C.**
Post Office Box 1110
Montgomery, AL 36101
(334) 396-8882
FAX: (334) 396-8880
E-Mail: jsmith@slatenlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing document upon the below listed counsel of record, by placing copy of same in the United States Mail, postage prepaid this the 9th day of March, 2007:

Mark N. Chambless, Esquire
**Chambelss, Math & Carr, P.C.**
Post Office Box 230759
Montgomery, AL 36123-0759

_____
**OF COUNSEL**

F:\Gen Litigation\Universal City, LLC\Pleadings\Objection to Plf. Exhibits.wpd